**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-31017**
**Summary Calendar**
_____

**JAMES E. BLAND; CAREN BLAND,**

**Plaintiffs-Appellants,**

**versus**

**CORRECTIONS CORPORATION OF AMERICA; ET AL,**

**Defendants,**

**TRANSCOR AMERICA INCORPORATED,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-217)
_____

July 16, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Appellant Bland challenges the district court's dismissal of his lawsuit against Transcor America, Inc. to recover for injuries suffered in an automobile accident. The court, after

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewing discovery materials and holding a hearing, found that Bland had settled his claims for $10,000 before he filed suit and had fully released Transcor from liability.

On appeal, Bland contends that there were numerous issues of material fact, including Bland's capacity to enter into the release, whether he was under duress, and whether the release was a "rush release" unenforceable under Louisiana law. As the district court found, however, the record is undisputed that Bland himself negotiated the release from his hospital bed; he repeatedly telephoned both Mississippi authorities and Transcor to confirm, on one hand, the amount he owed on outstanding Mississippi charges for bad checks, and, on the other hand, the amount he was demanding from Transcor. His doctor and other disinterested witnesses believed he was fully in control of his faculties and comprehending of the nature and terms of the release. Given these circumstances, the district court properly disregarded Bland's *post hoc* claims concerning the unenforceability of the release and concluded that he did not bear his burden of establishing an issue of bad faith, error or fraud. Succession of Teddlie, 385 So.2d 902 (2d Cir. 1980), writ denied 393 So.2d 742.

The summary judgment of the district court is **AFFIRMED**.